## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

**GRACE CHRISTIAN ACADEMY OF
KNOXVILLE, LLC,**

      **Plaintiff,**

      **v.**                                   **No._____**

**TENNESSEE SECONDARY SCHOOL
ATHLETIC ASSOCIATION,**

**BERNARD CHILDRESS**, in his official capacity
As Executive Director of TSSAA,

**MATTHEW GILLESPIE**, in his official capacity
as Assistant Executive Director of TSSAA,

**RICHARD MCWHIRTER**, in his official capacity as
Assistant Executive Director of TSSAA,

**GENE MENEES**, in his official capacity as Assistant
Executive Director of TSSAA,

**MARK REEVES**, in his official capacity as Assistant
Executive Director of TSSAA,

**MIKE REED**, in his official capacity as President of
TSSAA's Board of Control,

**GREG MCCULLOUGH**, in his official capacity as Vice
President of TSSAA's Board of Control,

**DENNIS GOODWIN**, in his official capacity as a member
Of TSSAA's Board of Control,

**STEVE HENRY**, in his official capacity as a member of
TSSAA's Board of Control,

**DAVID MESKE**, in his official capacity as a member of
TSSAA's Board of Control,

**SHANE RUSSELL**, in his official capacity as a member of
TSSAA's Board of Control,

**MICHEL SANCHEZ**, in her official capacity as a member of
TSSAA's Board of Control,

**GREG SCOTT**, in his official capacity as a member of

TSSAA's Board of Control,

**GRANT SWALLOWS**, in his official capacity as a member of TSSAA's Board of Control,

**BRYAN TRUE**, in his official capacity as a member of TSSAA's Board of Control,

**DEXTER WILLIAMS**, in his official capacity as a member of TSSAA's Board of Control,

**JODY WRIGHT**, in his official capacity as a member of TSSAA's Board of Control,

**DAN BLACK**, in his official capacity as President of TSSAA's Legislative Council,

**ANGIE CASS**, in her official capacity as a member of TSSAA's Legislative Council,

**KEITH TURNER**, in his official capacity as Vice President of TSSAA's Legislative Council,

**ART CROOK**, in his official capacity as a member of TSSAA's Legislative Council,

**TOM DENSFORD**, in his official capacity a member of TSSAA's Legislative Council,

**BO GRIFFIN**, in his official capacity as a member of TSSAA's Legislative Council,

**JONATHAN KEE**, in his official capacity as a member of TSSAA's Legislative Council,

**ROBERT SAIN**, in his official capacity as a member of TSSAA's Legislative Council,

**KENNY SHOLL**, in his official capacity as a member of TSSAA's Legislative Council,

**ROB SPEAS**, in his official capacity as a member of TSSAA's Legislative Council,

**LES TROTTER**, in his official capacity as a member of TSSAA's Legislative Council, and

**GREG WYANT**, in his official capacity as a member of TSSAA's Legislative Council,

     **Defendants.**

2

## PLAINTIFF'S VERIFIED COMPLAINT AND
## APPLICATION FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff Grace Christian Academy of Knoxville, LLC, by and through counsel, hereby files this Complaint against the Tennessee Secondary School Athletic Association, BERNARD CHILDRESS, in his official capacity as Executive Director of TSSAA, MATTHEW GILLESPIE, in his official capacity as Assistant Executive Director of TSSAA, RICHARD MCWHIRTER, in his official capacity as Assistant Executive Director of TSSAA, GENE MENEES, in his official capacity as Assistant Executive Director of TSSAA, MARK REEVES, in his official capacity as Assistant Executive Director of TSSAA, MIKE REED, in his official capacity as President of TSSAA's Board of Control, GREG MCCULLOUGH, in his official capacity as Vice President of TSSAA's Board of Control, DENNIS GOODWIN, in his official capacity as a member of TSSAA's Board of Control, STEVE HENRY, in his official capacity as a member of TSSAA's Board of Control, DAVID MESKE, in his official capacity as a member of TSSAA's Board of Control, SHANE RUSSELL, in his official capacity as a member of TSSAA's Board of Control, MICHEL SANCHEZ, in her official capacity as a member of TSSAA's Board of Control, GREG SCOTT, in his official capacity as a member of TSSAA's Board of Control, GRANT SWALLOWS, in his official capacity as a member of TSSAA's Board of Control, BRYAN TRUE, in his official capacity as a member of TSSAA's Board of Control, DEXTER WILLIAMS, in his official capacity as a member of TSSAA's Board of Control, JODY WRIGHT, in his official capacity as a member of TSSAA's Board of Control, DAN BLACK, in his official capacity as President of TSSAA's Legislative Council, ANGIE CASS, in her official capacity as a member of TSSAA's Legislative Council, KEITH TURNER, in his official capacity as Vice President of TSSAA's Legislative Council, ART CROOK, in his official capacity as a member of TSSAA's Legislative Council, TOM DENSFORD, in his official capacity a member of TSSAA's Legislative Council, BO GRIFFIN, in his official capacity as a member of TSSAA's Legislative Council, JONATHAN KEE, in his official capacity as a member of TSSAA's Legislative Council, ROBERT SAIN, in his official capacity as a member of TSSAA's Legislative Council,

3

KENNY SHOLL, in his official capacity as a member of TSSAA's Legislative Council, ROB SPEAS, in his official capacity as a member of TSSAA's Legislative Council, LES TROTTER, in his official capacity as a member of TSSAA's Legislative Council, and GREG WYANT, in his official capacity as a member of TSSAA's Legislative Council, for injunctive and declaratory relief. Specifically, Grace Christian Academy of Knoxville, LLC sues the Tennessee Secondary School Athletic Association, its Executive Director, Assistant Executive Directors, Board of Control and Legislative Council for declaratory and injunctive relief pursuant to 42 U.S.C. §1983 and Title VI of the 1964 Civil Rights Act for the unconstitutional application of its eligibility rule concerning age as applied to Onise Saint Louis Cox, who is an eighteen (18) year old student currently enrolled in schools at Grace Christian Academy, LLC. For Grace Christian Academy of Knoxville, LLC's cause of action, it claims and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     The Plaintiff, Grace Christian Academy of Knoxville, LLC ("GCA"), is a non-profit entity providing primary and secondary educational services for students in grades kindergarten through twelfth (12th) grade at facilities located at 5914 Beaver Ridge Road, Knoxville, Tennessee 37931. GCA is a member institution of the Tennessee Secondary Schools Athletic Association.

2.     The Tennessee Secondary Schools Athletic Association ("TSSAA") is an agency of the State of Tennessee. The TSSAA regulates the eligibility of its member institutions, and interscholastic athletics of its member institutions. The TSSAA derives its statutory authority from Tenn. Code Ann. §49-2-302 and regulatory authority, pursuant to Tenn. Comp. R. & Regs. R. 0520-01-02.08. A copy of Tenn. Comp. R. & Regs. R. 0520-01-02.08 is attached hereto as **Exhibit A** and incorporated by specific reference as if fully set forth herein. The TSSAA is sued for injunctive and declaratory relief.

3.     Bernard Childress is the Executive Director of TSSAA. He is sued in his official capacity for injunctive and declaratory relief.

4.     Matthew Gillespie is an Assistant Executive Director of TSSAA. He is sued in his

4

official capacity for injunctive and declaratory relief.

5. Richard McWhirter is an Assistant Executive Director of TSSAA. He is sued in his official capacity for injunctive and declaratory relief.

6. Gene Menees is an Assistant Executive Director of TSSAA. He is sued in his official capacity for injunctive and declaratory relief.

7. Mark Reeves is an Assistant Executive Director of TSSAA. He is sued in his official capacity for injunctive and declaratory relief.

8. Mike Reed is President of TSSAA's Board of Control. He is sued in his official capacity for injunctive and declaratory relief.

9. Greg McCullough is Vice President of TSSAA's Board of Control. He is sued in his official capacity for injunctive and declaratory relief.

10. Dennis Goodwin is a member of TSSAA's Board of Control. He is sued in his official capacity for injunctive and declaratory relief.

11. Steve Henry is a member of TSSAA's Board of Control. He is sued in his official capacity for injunctive and declaratory relief.

12. David Meske is a member of TSSAA's Board of Control. He is sued in his official capacity for injunctive and declaratory relief.

13. Shane Russell is a member of TSSAA's Board of Control. He is sued in his official capacity for injunctive and declaratory relief.

14. Michel Sanchez is a member of TSSAA's Board of Control. She is sued in her official capacity for injunctive and declaratory relief.

15. Greg Scott is a member of TSSAA's Board of Control. He is sued in his official capacity for injunctive and declaratory relief.

16. Grant Swallows is a member of TSSAA's Board of Control. He is sued in his official capacity for injunctive and declaratory relief.

17. Bryan True is a member of TSSAA's Board of Control. He is sued in his official

5

capacity for injunctive and declaratory relief.

18. Dexter Williams is a member of TSSAA's Board of Control. He is sued in his official capacity for injunctive and declaratory relief.

19. Jody Wright is a member of TSSAA's Board of Control. He is sued in his official capacity for injunctive and declaratory relief.

20. Dan Black is President of TSSAA's Legislative Council. He is sued in his official capacity for injunctive and declaratory relief.

21. Angie Cass is a member of TSSAA's Legislative Council. She is sued in her official capacity for injunctive and declaratory relief.

22. Keith Turner is Vice President of TSSAA's Legislative Council. He is sued in his official capacity for injunctive and declaratory relief.

23. Art Crook is a member of TSSAA's Legislative Council. He is sued in his official capacity for injunctive and declaratory relief.

24. Tom Densford is a member of TSSAA's Legislative Council. He is sued in his official capacity for injunctive and declaratory relief.

25. Bo Griffin is a member of TSSAA's Legislative Council. He is sued in his official capacity for injunctive and declaratory relief.

26. Jonathan Kee is a member of TSSAA's Legislative Council. He is sued in his official capacity for injunctive and declaratory relief.

27. Robert Sain is a member of TSSAA's Legislative Council. He is sued in his official capacity for injunctive and declaratory relief.

28. Kenny Sholl is a member of TSSAA's Legislative Council. He is sued in his official capacity for injunctive and declaratory relief.

29. Rob Speas is a member of TSSAA's Legislative Council. He is sued in his official capacity for injunctive and declaratory relief.

30. Les Trotter is a member of TSSAA's Legislative Council. He is sued in his official

6

capacity for injunctive and declaratory relief.

31. Greg Wyant is a member of TSSAA's Legislative Council. He is sued in his official capacity for injunctive and declaratory relief.

32. This court has original jurisdiction to hear this matter pursuant to 28 U.S.C. §1331. Venue is appropriate pursuant to 28 U.S.C. §1391.

## FACTS

33. The focus of the instant action is TSSAA's flat rule regarding age. The rule currently provides as follows:

### Age Limit

**Section 9.** No student shall be eligible to participate in any athletic contest during any school year if he/she becomes 19 years of age on or before August 1. The age rule may be waived for the Tennessee School for the Blind when this school is competing with other schools for the blind provided such schools are permitted by their state associations to waive the age rule in competing with other schools for the blind.

TSSAA Bylaw Article II, Section 9, pg 15 of the 2020-2021 TSSAA Bylaws. A complete copy of the 2020-2021 TSSAA Bylaws are attached hereto as **Exhibit B** and incorporated by specific reference as if fully set forth herein.

34. Specifically, the instant litigation revolves around TSSAA's application of its "Age Limit" rule as applied to Onise Cox, who is an eighteen (18) year old student currently enrolled in schools at GCA.

35. Onise Cox was adopted at the age of ten (10) from the Republic of Haiti by Stacy and Sara Cox. A copy of Onise's birth certificate from Haiti in addition to her birth certificate in the United States are attached as **Exhibits C** and **D**, respectively.

36. Upon entering the United States, Onise Cox spoke very little or no English at all. At the time, she was fluent in only Haitian Creole.

37. Because of her language barrier and plausibly other factors, but through no fault of her own, the United States' educational system evaluated ten-year-old Onise Cox as operating

7

on a first (1st) grade educational level.

38. Over time, Onise Cox learned to speak English fluently and was initially enrolled in Knox County Schools who determined that Onise be placed in the fourth (4th) grade for the 2012-2013 school year, despite other students her age typically being placed in the fifth grade.

39. Onise Cox completed the fourth and fifth grades at Knox County Schools before transferring to GCA. Upon entry to GCA, the school system evaluated her and determined that she would be best served educationally by repeating the fifth (5th) grade. Such repetition was solely for educational reasons and to facilitate her acclimation into the culture of the United States.

40. Onise Cox is currently a Junior at GCA. She will be nineteen years of age in March, 2021. Onise Cox's anticipated graduation date is May, 2022. She desires to play for the GCA girls' soccer team in the fall of 2021 and does not intend to participate in any other sport. Yet, because of the strict application of the age limit rule quoted herein, she will be unable to play soccer for the girls' team at GCA or any other institution that is a member of the TSSAA.

41. The age limit rule as applied to Onise Cox effectively deprives her of two semesters of athletic eligibility that she otherwise would have had notwithstanding her particular and unique circumstances. The implementation of the age limit rule will effectively limit Onise Cox to only six semesters of academic eligibility as compared to other eligible high school students that would have eight semesters of eligibility in high school per the TSSAA rules.

42. Plaintiff avers that, prior to filing suit, the parents of Onise Cox, Stacy and Sara Cox, sent an email to TSSAA. The Cox's request detailed Onise Cox's particular situation and how the eligibility rule regarding age was unduly burdensome, failed to take into account the unforeseen circumstance(s) of Onise Cox, and was totally unfair and oppressive to Onise Cox. A copy of this email exchange is attached hereto as **Exhibit E**. In its response the TSSAA instructed the Cox's that any correspondence must come from the member institution, or in this case, GCA. Accordingly, GCA sent the TSSAA a request for waiver of the age rule as applied to Onise Cox, as directed, and further, reemphasized details concerning Ms. Cox's unique situation.

8

43.     The Plaintiff avers that the TSSAA flatly rejected the request for Onise Cox and denied any waiver/hardship applied to her situation.

44.     Plaintiff avers that time is of the essence in this Application. GCA girls' soccer practice begins in late May 2021, with TSSAA-sanctioned games commencing in August 2021. Generally, the girls' soccer season will be completed on or before November 1, 2021. The fall 2021 academic semester ends in December 2021.

45.     As a result of the TSSAA's conduct, Ms. Cox is being discriminated against as a class of one and as a result of her national origin.

## REQUEST FOR DECLARATORY JUDGMENT, TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTION

46.     GCA re-alleges each and every allegation contained in Paragraphs 1-45, as if they were fully set forth herein.

47.     GCA requests that this Court issue a judgment declaring TSSAA's "Age Limit" rule, which prohibits Ms. Cox from participating in interscholastic athletics competition (specifically, girls' soccer) at GCA during the 2021-22 school year, discriminatory as it applies to Ms. Cox.

48.     Further, GCA requests that this Court issue a temporary restraining order, as well as a preliminary and permanent injunction, ordering Defendants to accommodate GCA and Ms. Cox by allowing her to participate in interscholastic athletics competition (specifically, girls' soccer) at GCA during the 2021-22 school year.

## TRO/PRELIMINARY INJUNCTION STANDARD: STRONG LIKELIHOOD OF SUCCESS ON THE MERITS

49.     GCA re-alleges each and every allegation contained in Paragraphs 1-48, as if they were fully set forth herein.

50.     Plaintiff has a strong likelihood of success on the merits against Defendants pursuant to 42 U.S.C. §1983 and Title VI of the 1964 Civil Rights Act for the unconstitutional application of the eligibility rule concerning age as applied to Onise Cox.

### *Count One: 42 U.S.C. §1983*

9

51. GCA re-alleges each and every allegation contained in Paragraphs 1-50, as if they were fully set forth herein.

52. The TSSAA is a state agency, and thus, an arm of the State of Tennessee. At all times material herein, the TSSAA and its state office staff, including the Executive Director and Assistant Executive Directors, along with members of TSSAA's Board of Control and Legislative Council, were/are state actors, and act under color of law. The State of Tennessee receives federal financial assistance.

53. Plaintiff respectfully avers that Onise Cox, and other similarly situated individuals, were intentionally treated differently from other similarly situated and there is no rational basis for the difference in treatment.

54. The Defendants have treated Onise differently from her teammates, and quite frankly, all of TSSAA's high school soccer athletes, by refusing to allow her to achieve eight (8) semesters of academic eligibility, even after learning of her unique circumstances.

55. The Defendants' refusal to provide Ms. Cox with an exception and allow her to participate was motivated by ill-will, given that Ms. Cox is an average athlete and there are no great physical differences in height, weight, maturity or experience between Ms. Cox and her soccer teammates.

56. Moreover, exceptions are made by Defendants for other rules and for the age limit rule for those who are blind, but not for those who, through no fault of their own, turn nineteen (19) prior to completing eight (8) semesters of athletic eligibility.

57. As such, Plaintiff avers that the Defendants' age limit rule is motivated my animus and/or ill will as applied to Onise Cox and further lacks any rational basis.

### Count Two: Title VI of the 1964 Civil Rights Act

58. GCA re-alleges each and every allegation contained in Paragraphs 1-57, as if they

10

were fully set forth herein.

59.     Plaintiff avers that Defendants' implementation of the age limit rule as to Onise Cox violates Title VI of the Civil Rights Act of 1964 in that Onise Cox is being excluded from participation in, being denied the benefits of, and subjected to discrimination on the grounds of her national origin.   The actions of Defendants toward Plaintiff and as applied to Onise Cox constitutes an intentional discrimination and misconduct.   Plaintiff avers that at all times material herein (1) Onise Cox was a member of a protected class; (2) her performance met with Defendants' legitimate expectations with regard to eligibility; (3) she will suffer an adverse action in that she is going to be prohibited from playing a varsity sport that she would otherwise be eligible to participate in but for the age limit rule; and (4) the Defendants treat other similarly situated persons outside of Onise Cox's classification more favorably.

## TRO/PRELIMINARY INJUNCTION STANDARD: IRREPARABLE HARM

60.     GCA re-alleges each and every allegation contained in Paragraphs 1-59, as if they were fully set forth herein.

61.     Defendants are imposing an undue hardship on GCA by forcing it to have to find another soccer player because of their failure to waive the age rule under unusual circumstances on the eve of the girls' soccer practice period beginning.

62.     This undue hardship is further compounded by the fact that the TSSAA's Bylaws allow exceptions for other rules, and even one very narrow, likely rarely applied exception to the age limit rule, but do not include exceptions and/or a waiver/hardship process for students attending GCA that have undergone unusual circumstances.

63.     Defendants can only remedy this irreparable injury if this Court orders Defendants to accommodate Plaintiff and allow Onise Cox to play sports. *See Washington, et al. v. Indiana High Sch. Athletic Ass'n, Inc.*, 181 F.3d 840, 843, 853 (7th Cir. 1999) (affirming the district court's

11

holding that "the loss of future playing opportunities . . . are harms which cannot be repaired, [and] for which . . . cannot be adequately compensated.").

## TRO/PRELIMINARY INJUNCTION STANDARD:
## NO SUBSTANTIAL HARM TO OTHERS

64.     GCA re-alleges each and every allegation contained in Paragraphs 1-63, as if they were fully set forth herein.

65.     No third parties will be harmed by this Court's decision to allow Ms. Cox to play girls' soccer at GCA. Ms. Cox is an average athlete with no great physical differences in height, weight, maturity or experience to her peers or competitors. Further, GCA's students, parents, and athletic fans will benefit should Ms. Cox be allowed to play sports as she is a proficient athlete who loves sports.

## TRO/PRELIMINARY INJUNCTION STANDARD:
## PUBLIC INTEREST

66.     GCA re-alleges each and every allegation contained in Paragraphs 1-65, as if they were fully set forth herein.

67.     TSSAA's Bylaws provide numerous exceptions to others based on several considerations. However, they do not provide an exception for the Age Limit rule outside of a very limited and arbitrary exception of a very specific disability of visually impaired students competing for the Tennessee School for the Blind.

68.     Children adopted from other countries are oftentimes required to be held back due to the challenges of learning English and other American curriculum.

69.     Disallowing children who are older while in high school due to the fact that they are from a foreign country is discriminatory and better yet, could dissuade parents from attempting to adopt children from other countries and/or children with certain disabilities that may make their age an issue when in high school.

12

70.     Meanwhile, numerous exceptions are granted to students who seek relief under different rules unrelated to their age becoming an issue simply because they possess a foreign national origin.

71.     By granting a Temporary Restraining Order and/or preliminary injunction, this Court would be serving the public interest of allowing a foreign-born student, who has continuously attended school in Tennessee since the fourth grade, and rigorously studied to learn English and the American curriculum, to participate in sports, which will undoubtedly have a positive impact on furthering her social skills and academic performance.

72.     These results will positively impact GCA students, the GCA teachers, and society as a whole.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Grace Christian Academy of Knoxville, LLC, respectfully demands judgment against the Defendants as follows:

A.  That the Court exercise its broad discretion to waive the bond requirement pursuant to Fed. R. Civ. 65(c) since the Defendants are unlikely to suffer any harm from a preliminary injunction that enjoins them from unconstitutional application of the age limit rule and provides relief that vindicates fundamental constitutional rights. *See, e.g., Council on American-Islamic Rels v. Graubatz*, 667 F. Supp. 2d 67, 81 (D.D.C. 2009) (requiring no bond where the defendant would not be substantially injured by the issuance of an injunction); 11A Charles A. Wright, Arthur R. Miller et al., Federal Practice and Procedure § 2954 (2d ed.) (noting that "the court may dispense with security altogether if the grant of an injunction carries no risk of monetary loss to the defendant.").

B.  Defendants be enjoined from further unlawful conduct as described herein.

C.  Defendants accommodate Plaintiff GCA and Ms. Cox by allowing her to play girls'

13

soccer at GCA as an eligible participant during the Fall 2021 semester.

D. Plaintiff be awarded reasonable attorney's fees and costs in accordance with 42 U.S.C. §1988.

E. Plaintiff be awarded all other legal and equitable relief to which it may be entitled.

RESPECTFULLY SUBMITTED this 5th day of February, 2021.

TAYLOR & KNIGHT, G.P.

*/s/Arthur F. Knight, III*
Arthur F. Knight, III, BPR #016178
Jonathan Swann Taylor, BPR #025094
Hilary L. Magacs, BPR #036864
Caitlin C. Burchette, BPR #037026
Jordan T. Newport, BPR #037604
800 S. Gay St., Ste. 600
Knoxville, TN 37929
P: 865-971-1701
F: 865-971-1705
amber@taylorknightlaw.com

14

**VERIFICATION**

STATE OF TENNESSEE    )
                                )SS

COUNTY OF KNOX        )

       John Mckinley King, being duly sworn, deposes and says that I am the Chairman of the school board for Grace Christian Academy of Knoxville, LLC and I have authorized the filing of this Complaint. I have reviewed the allegations made in the Complaint, and to those allegations of which I have personal knowledge, I believe them to be true and correct. As to those allegations of which I do not have personal knowledge, I have relied on various documents that have been maintained in the ordinary course of business by Grace Christian Academy of Knoxville, LLC that I also believe to be true and correct.

                   GRACE CHRISTIAN ACADEMY OF KNOXVILLE, LLC

                   By:_____

                        JOHN KING, *Chairman for Grace Christian*
                        *Academy of Knoxville, LLC School Board*

Sworn to before me on this **1st** day of February, 2021.

_____
Notary Public

My commission expires: **3/5/2022**

15

## VERIFICATION

STATE OF TENNESSEE    )
                                )SS
COUNTY OF KNOX       )

        The undersigned affiant, first being duly sworn, declares and avers that the factual allegations set out in the above Complaint are true and correct to the best of the knowledge, information and belief of the undersigned affiant.

_____
STACY COX

        Sworn to before me on this _2_ day of February, 2021.

_____
Notary Public

My commission expires: ___3/5/2022___



# VERIFICATION

STATE OF TENNESSEE   )
                             )SS
COUNTY OF KNOX      )

The undersigned affiant, first being duly sworn, declares and avers that the factual allegations set out in the above Complaint are true and correct to the best of the knowledge, information and belief of the undersigned affiant.

_____
SARA COX

Sworn to before me on this __3__ day of February, 2021.

_____
Notary Public

My commission expires: ___3/5/2022___



17